132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence WATSON, Plaintiff-Appellant,
v.
MOBIL OIL CORPORATION, Defendant-Appellee.
 No. 97-2408.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1997
Decided Dec. 9, 1997.
 
 Appeal from the United District Court for the Northern District of Illinois, Eastern Division, No. 96 C 389, James B. Zagel, Judge.
 
 
 1
 Before Hon. Jesse E. ESCHBACH, Circuit Judge Hon. Kenneth F. RIPPLE, Circuit Judge Hon. Dana Diamond ROVNER, Circuit Judge
 
 ORDER
 
 2
 The district court dismissed Clarence Watson's Title VII and ADEA complaint upon notification from counsel that the case had settled. Watson moved to reinstate the case on the ground that he had not authorized the settlement. The district court held an evidentiary hearing, at which Watson and his former attorney, Lisa Kane, testified. Following the hearing, the court denied reinstatement and entered a dismissal with prejudice. The court found that Watson had indeed authorized the settlement but then had changed his mind. Watson appeals, and we affirm.
 
 
 3
 In January 1996, Watson sued his former employer, Mobil Oil, alleging racial discrimination under Title VII, 42 U.S.C. § 2000e et seq., and age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 6521 et seq. A year later, Watson's attorney, Lisa Kane, entered into settlement negotiations with the attorney for Mobil. The attorneys agreed to settle the case for $7,500.00. After a status hearing on February 24, 1997, the district court entered an order dismissing the case without prejudice and providing that a dismissal with prejudice would be entered on April 1, 1997. Four days later, Watson moved to vacate the dismissal. Watson then filed a motion to reinstate the cause of action and an affidavit in support of the motion. Judge Zagel held an evidentiary hearing on Watson's motions on May 19, 1997; both Kane and Watson testified.
 
 
 4
 Kane testified that Watson specifically gave her authority to settle the case for "a few thousand dollars" during a telephone call in early January 1997. As the settlement amount later agreed upon by the attorneys was $7,500, one-third of which was to go to Kane under her contract with Watson, the settlement was within her prior authority. Watson then testified, flatly denying that he had ever given Kane any settlement authority at all. At the conclusion of the hearing, the court ruled from the bench in favor of Mobil. It found that Watson gave Kane authority to settle as she did, although he changed his mind after the settlement had been reached. In reaching this conclusion, the court stated that it credited Kane's testimony about her communications with Watson. The court then denied Watson's motions to vacate the dismissal and reopen the case, ordered that Watson's case be dismissed with prejudice and entered judgment in favor of Mobil. Watson filed this timely appeal.
 
 
 5
 It is well established that a plaintiff may waive his claims under Title VII[1] via a settlement agreement. Glass v. Rock Island Ref. Corp., 788 F.2d 450, 454 (7th Cir.1986). Such settlement agreements need not be written; "an oral agreement to settle a Title VII claim is enforceable against a plaintiff who knowingly and voluntarily agreed to the terms of the settlement or authorized his attorney to settle the dispute." Id. (internal quotation marks and citation omitted). A party to a settlement cannot avoid the agreement merely because he later decides that the settlement amount is too low. Once a party authorizes a settlement, he is bound by the terms of the agreement. Id. at 454-55.
 
 
 6
 We may not reverse a factual finding simply because we would have decided the case differently; so long as there are "two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985); Fed.R.Civ.P. 52(a). Even greater deference to the district court is required when the finding rests on credibility determinations, as it does here. Id. at 575. A review of the record makes clear there is adequate basis for the district court's decision. The record affords an adequate basis for the district court's determination that Watson had given his attorney sufficiently definite directions and authorization to enter into a binding settlement on his behalf. The court had before it the retainer agreement and a letter dated February 14, 1997 from Kane to Watson in which Kane notes that Watson had authorized her to settle but does not specify the dollar amount of her authority. The district court was entitled to conclude that these documents were not inconsistent with a determination that a settlement authorized by Watson had in fact been reached. Watson has not produced any evidence, save his blanket denial of any settlement authority which the district court did not credit, that Kane did not have actual authority to settle as she did.
 
 
 7
 Watson highlights the fact that, shortly after reaching an agreement on the amount of the settlement, Kane told the attorney for Mobil that she would have to double-check with her client before finalizing the agreement. Kane nevertheless proceeded with finalizing the settlement agreement without checking the final amount with Watson. The district court had this evidence before it and nevertheless determined that a binding settlement had been reached. The district court was entitled to give this evidence whatever weight it chose to give it.
 
 
 8
 The district court's judgment is affirmed.
 
 AFFIRMED
 
 
 [1]
 Title II of the Older Workers Benefit Protection Act, 29 U.S.C. § 626(f), imposes stricter requirements on settlements of ADEA claims. The settlement agreement at issue here does not meet these requirements. The parties have waived this issue, however, by failing to raise it either in the district court or on appeal